**IN THE**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

KEVIN JOSEPH FENNER,
      Petitioner,

v.

STEVE KALLIS,
      Respondent.

Case No. 1:17-cv-01392-MMM

## <u>ORDER</u>

Before the Court is the Petitioner, Kevin Fenner's, *pro se* Motion pursuant to Federal Rules of Civil Procedure 52(b), 54(b) and 59(e) "to correct manifest errors of law and fact[.]"  (D. 20).[1] The Petitioner seeks to alter or amend the Court's prior Order denying his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (D. 17).  He has also filed a Motion to Take Judicial Notice (D. 21) and a Supplemental Motion (D. 23).  The Government did not respond to the Petitioner's Motions.  For the reasons set forth below, the Petitioner's Motion to Reconsider (D. 20) and Motion to Take Judicial Notice (D. 21) are DENIED.

### BACKGROUND

The background of the Petitioner's § 2241 claim is discussed in the Court's prior Order. *Id*. at pp. 1-2.  In summary, after being convicted of multiple counts of illegal narcotic offenses in the District of Minnesota, he is serving terms of life imprisonment at the Federal Correctional Center in Pekin, Illinois.  Relevant to the Motion presently before the Court, the Petitioner had five prior felony drug convictions, making his life sentences mandatory under 21 U.S.C. § 841(b)(1)(A).  The Petitioner filed a direct appeal in the Eighth Circuit, arguing that his sentence

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

violated his Fifth and Eighth Amendment rights. The Eighth Circuit denied his claims. *United States v. Fenner*, 600 F. 3d 1014 (8th Cir. 2010). The Petitioner later filed a § 2255 motion, again arguing that his sentence violated his Fifth and Eighth Amendment rights. The District of Minnesota denied the motion.

The Petitioner then argued in a § 2241 Petition before this Court that, pursuant to *Mathis v. United States*, 136 S. Ct. 2243 (2016), four of his prior offenses should not have been counted as prior felony drug offenses to enhance his sentence. (D. 1 at pp. 8-9). The Respondent argued, *inter alia*, that the Petition could not satisfy the mandates of § 2241. (D. 11 at pp. 6-15). This Court denied the § 2241 Petition, finding that the Petitioner was ineligible to invoke the savings clause under § 2255(e)—a prerequisite for proceeding under § 2241. (D. 17 at pp. 2-3); *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016). In so doing, the Court stated "there was no new statutory determination made in *Mathis* that would change the outcome of [the] Petitioner's sentence or could not have been included in his previous § 2255 [motion]." (D. 17 at pg. 3). The Court also found that two of his previous convictions were properly used as predicate offenses to enhance his sentence. *Id*. at pp. 4-7.

The Petitioner now brings the present Motion, pursuant to Federal Rule of Civil Procedure 59. (D. 20). He asks the Court to: (1) make additional findings of fact and conclusions of law pursuant to Rule 52(b); (2) resolve all of his § 2241 claims pursuant to Rule 54(b); and (3) correct all alleged manifest errors of law and fact he identifies. *Id*. at pg. 1.

### LEGAL STANDARD

The Court has discretion to grant motions to reconsider. *Matter of Prince*, 85 F. 3d 314, 324 (7th Cir. 1996); see also *Heyde v. Pittenger*, 633 F. 3d 512, 521 (7th Cir. 2011). Motions for reconsideration, however, serve a limited function: to correct manifest errors of law or fact, or to

present newly discovered evidence. *Caisse Nationale de Credit v. CBI Industries*, 90 F.3d 1264, 1269 (7th Cir. 1996). A similar showing is required in order to succeed on a motion brought pursuant to Rule 52(b). See, *e.g.*, *Sunrise Opportunities, Inc. v. Regier*, 2006 WL 581150, at *4 (N.D. Ill. Mar. 7, 2006) (citing *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F. 3d 746, 749 (7th Cir. 1995)). The Petitioner does not allege any newly discovered evidence. The Court limits its analysis accordingly.

The Court further notes that motions brought pursuant to Federal Rule of Civil Procedure 54(b) are also decided with discretion. *Continental Cas. Co. v. Anderson Excavating & Wrecking Co.*, 189 F. 3d 512, 518 (7th Cir. 1999). They can only be filed, however, "before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The Court entered final judgment in this matter and adjudicated all claims before the present Motion was filed. See (D. 18). Therefore, the Court will not consider the Petitioner's claims in so far as they are brought pursuant to Rule 54(b).

### ANALYSIS

The Court found that the Petitioner was ineligible to invoke the savings clause of § 2255(e) and proceed with his § 2241 Petition. (D. 17 at pg. 3). Further elaboration on the Court's logic will be helpful in addressing the present motions. A § 2241 petition is generally limited to challenging the execution of the sentence, not its validity. *Valona v. United States*, 138 F.3d 693, 694-95 (7th Cir. 1998). Federal prisoners can seek habeas corpus relief under the § 2255(e) savings clause only if they had "no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in [their] conviction or sentence because the law changed after [their] first 2255 motion." *In re Davenport*, 147 F. 3d 605, 611 (7th Cir. 1998). A petitioner seeking "to invoke the savings clause of § 2255(e) in order to proceed under § 2241

must establish: (1) that he relies on not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion, (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding and (3) that the error is grave enough … to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding, such as one resulting in a conviction for a crime of which he was innocent." *Cross*, 829 F.3d at 783 (citations omitted) (brackets in original). "If … § 2255 offered [the Petitioner] one full and fair opportunity to contest his conviction … then the § 2241 action must be dismissed under § 2255[(e)]." *Collins v. Holinka*, 510 F. 3d 666, 667 (7th Cir. 2007); see also *Prevatte v. Merlak*, 865 F. 3d 894, 898-99 (7th Cir. 2017).

Here, the Petitioner did not meet his burden of establishing that he was entitled to invoke the § 2255(e) savings clause. The Court found that the Petitioner met the first requirement. (D. 17 at pg. 3). The Court further found, however, that he could have made the arguments he made in his § 2241 Petition in his § 2255 motion. *Id.* Given that the Petitioner's claims could have been advanced in his previous § 2255 motion, it is a legal impossibility that § 2255 was an inadequate or ineffective remedy for him. *Taylor v. Gilkey*, 314 F.3d 832, 835-36 (7th Cir. 2002); *Davenport*, 147 F. 3d at 609; see also *Cross*, 829 F. 3d at 784 ("[T]he second prong is satisfied if 'it would have been futile' to raise a claim in the petitioner's original 'section 2255 motion, as the law was squarely against him.'" (quoting *Webester v. Daniels*, 784 F. 3d 1123, 1136 (7th Cir. 2015))).

The Petitioner emphasized that existing precedent precluded him from making the arguments he made in his § 2241 Petition. (D. 1 at pp. 1-3). His failure to make the arguments he made in his § 2241 Petition in a timely § 2255 motion is not, *per se*, a sufficient basis to

entitle him to relief under the savings clause. *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) ("A prisoner cannot be permitted to lever his way into section 2241 by *making* his section 2255 remedy inadequate… ") (emphasis in original).

While the Petitioner sufficiently alleges that existing precedent was against him at the time of his direct appeal and his § 2255 motion, he failed to establish that there has been an intervening change in the law which removed any previous barriers to his most recent arguments. (D. 1 at pp. 5-6). The Petitioner could have made his (loosely) *Mathis*-based claims from his § 2241 Petition—that four of his prior offenses should not have been counted as prior felony drug offenses to enhance his sentence pursuant to 21 U.S.C. § 841(b)(1)(A)—in one of his prior proceedings. As a result, the Court dismissed the Petitioner's § 2241 Petition under § 2255(e). (D. 17); see also *Prevatte*, 865 F. 3d at 898-99; *Collins*, 510 F. 3d at 667; *In re Davenport*, 147 F. 3d at 611.

Turning to the Motion presently before the Court, the Petitioner first argues the Court's conclusion that *Mathis* did not apply to his claims is incorrect. (D. 20 at pp. 2-3). He alleges the Court erroneously found that *Mathis* was not new and would not apply retroactively on collateral review. *Id*. at pg. 2 (citing (D. 17 at pg. 3)). The Petitioner also claims he is entitled to a determination on the merits of whether *Mathis* overruled the precedents barring his § 2241 claims. *Id*. at pp. 2-3.

The Petitioner inaccurately asserts that the Court found *Mathis* did not apply retroactively. While it is possible for *Mathis* to apply retroactively in a § 2241 petition because its retroactivity is presumptive on collateral review, the Seventh Circuit has also stated that "*Mathis* has not been declared retroactive by the Supreme Court—nor is it a new rule of constitutional law." *Holt v. United States*, 843 F. 3d 720, 721-22 (7th Cir. 2016). Regardless,

the retroactivity of *Mathis* was not a basis for the Court's dismissal of his Petition. In finding that the Petitioner was ineligible to invoke the savings clause of § 2255(e), the Court stated "there was no new statutory determination made in *Mathis* that would change the outcome of [the] Petitioner's sentence or [that] could not have been included in his previous § 2255 [motion]." (D. 17 at pg. 3).

The Court's statement was not a finding that *Mathis* does not apply retroactively to the Petitioner's claims. Rather, the Court found that the ruling in *Mathis* does not change the District of Minnesota's calculation of the Petitioner's sentence and that the Petitioner could have included the arguments he made in his § 2241 Petition before this Court in his initial § 2255 motion. Therefore, there was no manifest error of law, and the Petitioner's arguments premised on the theory that the Court found *Mathis* did not apply retroactively fail. His argument that the Court must address whether *Mathis* overruled existing precedents which precluded his § 2241 arguments misses the mark. The Court need only engage in that analysis after the Petitioner establishes that the law has changed since his direct appeal or his § 2255 motion, removing barriers to a reasonable opportunity to obtain relief. *In re Davenport*, 147 F. 3d at 611.

Next, the Petitioner alleges he is entitled to relief because the Court failed to address a waiver claim he made in his Reply. (D. 20 at pp. 3-4) (referencing (D. 15 pg. 36)). In his initial thirty-nine page Reply, the Petitioner did assert that the Respondent waived any claim contrary to an argument he made regarding a Minnesota statute, by not addressing it in their Response. (D. 15 at pg. 36) (citing (D. 11 at pp. 18-19)). Whether the Respondent waived any response to this argument has no impact on the Court's ultimate decision to dismiss his § 2241 Petition. Even assuming the Respondent did waive the argument, the Court is not required to address it.

As discussed previously, the Petitioner brought his claims before the Court in a § 2241 Petition which the Court found was not properly before it. (D. 17 at pg. 3). The Petitioner could have made his § 2241 arguments in his § 2255 motion, but failed to do so. The underlying merits of his claim regarding the Minnesota statute at issue do not change the fact that he is ineligible to proceed under § 2241 and that his Petition is subject to dismissal pursuant to §2255(e). *Collins*, 510 F. 3d at 667; *Prevatte*, 865 F. 3d at 898-99.

The Petitioner further claims the Court is required to address all of the remaining claims in his Petition—primarily the divisibility of the statutes underpinning the prior felony drug convictions he challenges. (D. 20 at pp. 4-6). Again, this argument raises a peripheral issue that fails to negate the Court's finding that the Petitioner is unable to proceed with his § 2241 Petition. The Court need not address the divisibility of the statutes underlying the Petitioner's prior felony drug convictions because even if they contain merit, the fact that his Petition is subject to dismissal pursuant to § 2255(e) remains unchanged.

Lastly, the Petitioner argues that the rulings in cases involving the Armed Career Criminal Act (18 U.S.C. § 924), which he claims the Court relied upon in denying his Petition, are not dispositive to his claims. (D. 20 at pp. 6-7). The Petitioner himself seeks to invoke *Mathis*—a case involving the Armed Career Criminal Act. *Mathis v. United States*, 136 S. Ct. 2243 (2016). More to the point, this is yet another argument addressing the merits of the Petitioner's § 2241 claims. For the reasons previously stated, the Court need not address the merits of his Petition.

Simply put, the Petitioner presents the Court with no viable claims of manifest error of law or fact. As a result, the Petitioner's Motion to Reconsider (D. 20) is DENIED.

The Petitioner has also filed a Motion to Take Judicial Notice. (D. 21). Therein, he requests that the Court take judicial notice of a variety of facts and cases which were all known or available to the Petitioner before he filed his § 2241 Petition. *Id*. at pp. 4-6. The Petitioner seeks to use this information in advancing the underlying merits of his Petition. *Id*. For the reasons previously discussed, the Court need not address his claims and therefore his Motion to Take Judicial Notice (D. 21) is DENIED.

The Court further notes that the Petitioner recently filed a Notice of Reliance on Intervening and Supplemental Authority (D. 22) and a Motion to Supplement his Motion to Reconsider, arguing that a recent Seventh Circuit decision, *United States v. Elder*, 2018 WL 3866337 (7th Cir. August 15, 2018), supports his § 2241 claims. (D. 23). The Court will rule on the pending Motion to Supplement after the Respondent's deadline to respond (October 9, 2018) has expired.

## CONCLUSION

For the reasons stated above, the Petitioner's Motion to Reconsider (D. 20) and Motion to Take Judicial Notice (D. 21) are DENIED.

*It is so ordered.*

Entered on September 28, 2018

s/ Michael M. Mihm

Michael M. Mihm

Senior United States District Judge