IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

KEVIN JOSEPH FENNER,
    Petitioner,

v.

Case No. 1:17-cv-01392-MMM

STEVE KALLIS,
    Respondent.

## ORDER

Before the Court is the Petitioner, Kevin Fenner's, *pro se* Supplemental Motion pursuant to Federal Rule of Civil Procedure 59(e). (D. 23).[1] He claims a recent Seventh Circuit decision, *United States v. Elder*, 900 F. 3d 491 (7th Cir. 2018), entitles him to relief on his underlying Petition for writ of habeas corpus relief pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the Petitioner's Supplemental Motion (D. 23) is DENIED.

The Petitioner has also filed a Motion to Resolve All Claims In Compliance With Federal Rule of Civil Procedure 54(b). (D. 29). The Court previously informed him that it will not consider motions brought pursuant to Rule 54(b) post-judgment. (D. 26 at pg. 3). Therefore, the Petitioner's Motion to Resolve All Claims (D. 29) is DENIED without further discussion.

## BACKGROUND

The background of the Petitioner's § 2241 claim is detailed in the Court's prior Orders. (D. 17); (D. 26). In summary, after being convicted of multiple counts of illegal narcotics offenses in the District of Minnesota in 2008, he is serving terms of life imprisonment at the Federal Correctional Center in Pekin, Illinois. Relevant to the Motion presently before the

---

[1] Citations to the Docket in this case are abbreviated as "D. ___."

1

Court, the Petitioner had five prior felony drug convictions, as defined by 21 U.S.C. § 802(44), making his life sentences mandatory under 21 U.S.C. § 841(b)(1)(A). The Petitioner filed a direct appeal in the Eighth Circuit, arguing that his sentence violated his Fifth and Eighth Amendment rights. The Eighth Circuit denied his claims. *United States v. Fenner*, 600 F. 3d 1014 (8th Cir. 2010). The Petitioner later filed a § 2255 motion, again arguing that his sentence violated his Fifth and Eighth Amendment rights. The U.S. District Court of Minnesota denied the motion.

The Petitioner then argued in a § 2241 Petition before this Court that, pursuant to *Mathis v. United States*, 136 S. Ct. 2243 (2016), four of his five prior offenses should not have been used to enhance his sentence. (D. 1 at pp. 8-9). This Court denied the § 2241 Petition, finding that he was ineligible to invoke the savings clause under § 2255(e)—a prerequisite for proceeding under § 2241. (D. 17 at pp. 2-3); see *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016). In so doing, the Court stated "there was no new statutory determination made in *Mathis* that would change the outcome of [the] Petitioner's sentence or could not have been included in his previous § 2255 [motion]." (D. 17 at pg. 3). The Court also found that two of his previous convictions were properly used as predicate offenses to enhance his sentence. *Id*. at pp. 4-7.

The Court later affirmed its denial of the Petitioner's § 2241 Petition in ruling on the Petitioner's first motion to reconsider pursuant to Federal Rule of Civil Procedure 59. (D. 26). Shortly before the Court issued that ruling, the Petitioner filed the instant Supplemental Motion to Reconsider. (D. 23).

## LEGAL STANDARD

The Court has discretion to grant motions to reconsider. *Matter of Prince*, 85 F. 3d 314, 324 (7th Cir. 1996); see also *Heyde v. Pittenger*, 633 F. 3d 512, 521 (7th Cir. 2011). Motions for

reconsideration, however, serve a limited function: to correct manifest errors of law or fact, or to present newly discovered evidence. *Bordeon v. Chicago School Reform Bd. of Trustees*, 233 F. 3d 524, 529 (7th Cir. 2000); *Caisse Nationale de Credit v. CBI Industries*, 90 F.3d 1264, 1269 (7th Cir. 1996). Motions to reconsider are not an opportunity for litigants to reargue the merits of their claim. *Neal v. Newspaper Holdings, Inc.*, 349 F. 3d 363, 368 (7th Cir. 2003).

## ANALYSIS

Highlighting the Seventh Circuit's recent ruling in *Elder*, the Petitioner makes three arguments in his most recent Motion to Reconsider: (1) this Court erred in applying the categorical approach to determine whether his state conviction qualified as a predicate offense under § 841(b)(1)(A) (D. 23 at pp. 2-3); (2) his state law convictions "for cocaine" involved state statutes that define cocaine more broadly than it is defined under relevant federal statutes (*Id.* at pg. 3); and (3) the Court is now required to consult state law interpretation of the elements found in the state statutes at issue (*Id.* at pg. 4). The Respondent asserts that the Petitioner is still not entitled to relief because *Elder* "expressly hold[s] that the categorical approach of *Taylor* [*v. United States*, 495 U.S. 575 (1990)] applies to the analysis of predicate offenses under 21 U.S.C. § 841(b)(1)(A) and § 802(44)." (D. 28 at pg. 3) (citing *Elder*, 900 F. 3d at 497). The Respondent further argues the Petitioner's claims fail on the merits. *Id.* at pp. 4-6.

In *Elder*, the Seventh Circuit found that the trial court should have applied the categorical approach in determining whether a criminal defendant's sentence was subject to enhancement by way of § 841(b)(1)(A) and § 802(44). 900 F. 3d at 497. The Petitioner argues the District Court should have applied the same logic at his sentencing. His argument may have merit, but he has failed to bypass the procedural hurdle of demonstrating that he is eligible to proceed under § 2241.

3

This Court already found that the Petitioner is ineligible to invoke the savings clause of § 2255(e) and proceed with his § 2241 Petition. (D. 17 at pg. 3); (D. 26 at pp. 3-6). The Court later reiterated that the "Petitioner could have made his (loosely) *Mathis*-based claims from his § 2241 Petition—that four of his prior offenses should not have been counted as prior felony drug offenses to enhance his sentence pursuant to 21 U.S.C. § 841(b)(1)(A)—in one of his prior proceedings." (D. 26 at pg. 5). Ultimately, the Court determined that the Petitioner brought his claims in a § 2241 Petition which was not properly before it, that the "underlying merits of his claim… do not change the fact that he is ineligible to proceed under § 2241[,] and that his Petition is subject to dismissal pursuant to §2255(e). *Collins* [*v. Holinka*, 510 F. 3d 666, 667 (7th Cir. 2007)]; *Prevatte* [*v. Merlak*, 865 F. 3d 894, 898-99 (7th Cir. 2017)]." *Id*. at pg. 7. The Court's analysis remains unchanged in the wake of *Elder*.

The Petitioner's arguments all address the merits of his contention that his prior state convictions should not qualify as predicate offenses. Until he can demonstrate that his Petition is not subject to dismissal pursuant to § 2255(e), however, the Court need not engage in any form of analysis—categorical or otherwise—to determine whether one of his prior state convictions was properly utilized to enhance his sentence pursuant to § 841(b)(1)(A).

The defendant in *Elder* made his argument regarding his prior felony drug convictions, as defined by § 802(44), and the resulting enhancement of his sentence under § 841(b)(1)(A) on direct appeal. The Petitioner in this case could have made similar arguments in his direct appeal or in his initial § 2255 petition. *Elder* affirms the merits of the logic the Petitioner now brings to the Court's attention. Crucially, however, *Elder* points to nothing which prevented defendants from making the same argument before Elder did. As the Respondent highlights, *Elder* affirms the logic of *Taylor*, which was in place well before the Petitioner's conviction at trial. (D. 28 at

pg. 3) (citing *Elder*, 900 F. 3d at 497). Additionally, the Petitioner's Motion still fails to highlight any manifest errors of law or fact or new evidence that need to be addressed by the Court. As a result of the foregoing, the Petitioner's Motion to Reconsider (D. 23) is DENIED.

## CONCLUSION

For the reasons stated above, the Petitioner's Supplemental Motion to Reconsider (D. 23) and Motion to Resolve All Claims (D. 29) are DENIED.

*It is so ordered.*

Entered on November 26, 2018

s/ Michael M. Mihm
Michael M. Mihm
Senior United States District Judge